UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DENNIS A. FORBES, SHANIESHA D. FORBES,

                **MEMORANDUM AND ORDER**
Plaintiffs,              16 CV 404 (AMD)

-against-

FACEBOOK, INC.,

Defendant.
------------------------------------------------------------------x
DONNELLY, United States District Judge:

Plaintiff Dennis A. Forbes ("Forbes" or "Plaintiff"), currently incarcerated at the United States Penitentiary at Big Sandy brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, on his behalf and on behalf of Shaniesha D. Forbes, his deceased daughter. Plaintiff Dennis A. Forbes's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted for the purposes of this decision. As explained below, the complaint is dismissed for failure to state a claim upon which relief may be granted.

## Background

For purposes of this order, I assume that the facts as stated in the Plaintiff's complaint are true. *See Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (finding that at the pleading stage of the proceeding, a court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint). Shaniesha D. Forbes, a minor, used Facebook to communicate with someone named Ferdinand, an adult male. (Compl., ECF 1, at 2.) The complaint alleges that Mr. Ferdinand communicated with Ms. Forbes through Facebook "with malicious intentions and conspired to kill her," and that, on January 4, 2013, he killed her.

1

*(Id.* at 2.) Mr. Forbes alleges that Facebook was negligent in failing to have measures in place to protect minors "from predators or [those] who have predator capabilities." *(Id.)* Mr. Forbes seeks injunctive relief and monetary damages.

## Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007), and "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A *pro se* complaint is "to be liberally construed," *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), and interpreted "to raise the strongest arguments that [it] suggest[s]," *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994).

2

## Discussion

As a threshold matter, the Court notes that a *pro se* litigant may represent himself, but is not permitted to represent third parties. *See Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (per curiam); 28 U.S.C. § 1654. This prohibition extends to non-lawyer parents who seek to represent their children. *See Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (noting the "well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child"); *Cheung v. Youth Orchestra Foundation of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child"); *see also Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997). For this reason, to the extent Mr. Forbes's claims are brought on behalf of his daughter, they are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

### Forbes's Section § 1983 Claims

To maintain a §1983 action, a plaintiff must allege two elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." *Morris–Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 159 (2d Cir. 2005). For the following reasons, Mr. Forbes has failed to state a plausible claim for relief against Facebook.

Private conduct—no matter how discriminatory or wrongful—is generally beyond the reach of §1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotation marks omitted); *see also Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) ("[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)). For the plaintiff to succeed on his §1983 complaint, he must first establish that the conduct of Facebook is "fairly attributable to the State." *Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 50.

Here, it is clear that there is no state action for purposes of §1983. Facebook is a private corporation, and Mr. Forbes does not allege any facts that could support a claim of a "close nexus" between Facebook and the state, such that Facebook's actions (or inaction) may be fairly attributable to the state. *See Doe v. Cuomo*, No. 10 CV 1534, 2013 WL 1213174, at *9 (N.D.N.Y. Feb. 25, 2013) (finding that plaintiff failed to establish that Facebook acted under color of state law for the purposes of joining Facebook as a defendant); *Young v. Facebook, Inc.*, No. 5:10-cv-03579, 2010 WL 4269304, at *2 (N.D. Cal. Oct. 25, 2010) (finding that Plaintiff's §1983 action against Facebook failed because she "has not alleged any action under color of state law"); *see also Harrison v. New York*, No. 14 CV 1296, 2015 WL 1413359, at *18 (E.D.N.Y. Mar. 20, 2015) (in general, the conduct of a private party, "no matter how discriminatory or wrongful," does not constitute state action); *Brentwood Acad.*, 531 U.S. at 295 ("[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'").

Accordingly, Mr. Forbes fails to state a claim against Facebook, and his claim is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

A *pro se* plaintiff should ordinarily be given an opportunity to amend his complaint if "a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal citations omitted). Where, however, it is clear from a plaintiff's submission that he cannot state a plausible claim for relief, the Court need not grant him an opportunity to amend his complaint. *See, e.g., Ashmore v. Prus*, 510 Fed. Appx. 47, 49 (2d Cir. 2013) (finding that leave to amend is futile where "barriers to relief" for plaintiff's claims "cannot be surmounted by reframing the complaint"), *cert. denied*, 133 S.Ct. 2038, 185 L.Ed.2d 887 (2013). Keeping in mind Mr. Forbes's *pro se* status, the Court finds that any attempt to amend the complaint would be futile, and therefore denies Mr. Forbes leave to amend his complaint. *Cuoco*, 222 F.3d at 112 (denying leave to amend a *pro se* complaint where the problem with plaintiff's complaint was "substantive" and would not be cured by "better pleading").

## Conclusion

For the foregoing reasons, the complaint is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED                                      Ann M. Donnelly

                                                 ( 

                                                 _____

                                                 ANN M. DONNELLY

                                                 United States District Judge

Dated: Brooklyn, New York

February 18, 2016